**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Dae Hee Lee, | |
| Plaintiff, | Case No. 1:26-cv-00006 |
| v. | **JURY TRIAL DEMANDED** |
| Zhongshan XiKunLun Trading Company, and THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| Defendants. | |

**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**

Plaintiff Dae Hee Lee ("Plaintiff"), by and through its counsel, hereby files this Complaint against Defendant Zhongshan XiKunLun Trading Company ("Defendant"), and alleges as follows:

**INTRODUCTION**

1.      Plaintiff brings this action to stop Defendants from marketing, selling, and/or distributing products that infringe U.S. Design Patent No. D745,749 S ("the Asserted Patent"), titled "Litter Mat for Cat," issued on December 15, 2015, a copy of which is attached as Exhibit A.

**PARTIES**

2.      Plaintiff Dae Hee Lee is an individual residing in Seoul, Republic of Korea, and is the owner of all rights, title, and interest in the Asserted Patent, including the right to enforce and recover damages for infringement thereof.

1

3.      Defendant Zhongshan XiKunLun Trading Company ("Primary Defendant") is a business entity organized under the laws of the People's Republic of China, with a principal place of business at Jixi Town, Xiaolan Town 201, No. 9 West 1st Lane, Xiangxi Road, Zhongshan, Guangdong, China 528415.

4.      Upon information and belief, the Primary Defendant operates online storefronts under the brand name "Conlun" on interactive e-commerce platforms, including but not limited to Amazon.com, and has sold infringing products into the State of Illinois.

5.      Defendants identified in Schedule A attached hereto (collectively, the "Schedule A Defendants") are additional individuals and/or business entities that operate online marketplaces and storefronts offering for sale and selling products that infringe the Asserted Patent.

6.      The true identities and business structures of many Schedule A Defendants are unknown at this time, as they often operate under pseudonyms, aliases, unverified business names, or seller IDs.

7.      Schedule A Defendants conduct business throughout the United States, including Illinois, and have offered for sale, sold, or shipped infringing products into this District.

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over the Primary Defendant because it purposefully directs commercial activities to the United States, including Illinois, by selling and

shipping infringing products to Illinois residents through interactive e-commerce platforms, accepting U.S. currency, and completing transactions in this District.

10.     This Court also has personal jurisdiction over the Schedule A Defendants because each has purposefully availed itself of the U.S. market, including Illinois, by operating e-commerce storefronts that offer for sale, sell, and deliver infringing products into this District, either directly or through marketplace platforms.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants conduct business in this District and a substantial part of the events giving rise to this action occurred in this District.

12.     Specifically, Defendants have targeted Illinois residents by operating online storefronts that offer shipping to Illinois, accept U.S. dollars, and have sold infringing products into this District.

13.     In at least one instance, as shown in Exhibit B, Defendants sold and delivered an infringing product to a consumer located in Illinois prior to filing this Complaint.

## COUNT I

### INFRINGEMENT OF U.S. Design PATENT NO. D745,749

14.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15.     A copy of the Asserted Patent is attached as Exhibit A and incorporated by reference.

16.     Plaintiff owns all rights, title, and interest in the Asserted Patent, including the right to enforce and recover all damages for past and future infringement.

17.     Defendants, including the Primary Defendant and Schedule A Defendants, without authorization from Plaintiff, have manufactured, imported, advertised, offered for sale, and/or sold products that infringe the Asserted Patent.

18.     Representative storefront identifiers, marketplace URLs, seller aliases, and infringing product listings are compiled in Schedule A and incorporated herein by reference.

19.     Defendants have infringed the Asserted Patent by making, using, offering for sale, selling, and/or importing infringing products, and will continue to do so unless enjoined by this Court.

20.     Defendants' wrongful conduct has caused and will continue to cause irreparable harm to Plaintiff, including loss of the exclusive right to exclude others from making, using, selling, offering for sale, or importing the patented design.

21.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

22.     Unless Defendants are preliminarily and permanently enjoined, Plaintiff will continue to suffer irreparable harm for which there is no adequate remedy at law.

23.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289, and any other damages available under 35 U.S.C. § 284.

24.     Upon information and belief, Defendants continued their infringing conduct despite actual or constructive notice of the Asserted Patent, supporting a finding of willful infringement under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1) That Defendants, including Primary Defendant and Schedule A Defendants, their affiliates, officers, agents, employees, and all persons acting in active concert with them, be temporarily, preliminarily, and permanently enjoined from:

   (i) offering for sale, selling, or importing products that include any reproduction, imitation, or colorable variation of the Asserted Patent design;

   (ii) aiding, abetting, or enabling others to infringe the Asserted Patent;

   (iii) transferring assets, opening new accounts, or forming new aliases or entities to evade enforcement.

2) That, upon Plaintiff's request, Third-Party Service Providers, including Amazon, marketplace operators, payment processors, merchant account providers, advertising networks, and search engines, disable services used by Defendants to facilitate the sale of infringing goods, including suspension of storefronts, account access, and payment disbursements.

3) That Plaintiff be awarded Defendants' profits under 35 U.S.C. § 289, and/or damages adequate to compensate for infringement under 35 U.S.C. § 284, including enhanced damages up to three times the amount found or assessed due to Defendants' willful infringement, as well as attorneys' fees, costs, and interest.

4) That the Court award any further relief it deems equitable and just.

### Demand for Jury Trial

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  January 2, 2026                                        Respectfully submitted,

/s/ Jongmin Park
Jongmin Park (Illinois ARDC No. 6321261)
jpark@jptlawgroup.com

JP&T LAW GROUP, P.C.
3333 Warrenville Road, Suite 200
Lisle, IL 60532
Phone: 737-316-1120

**Attorney for Plaintiff Dae Hee Lee**